IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.

WILLIS MARK HAYNES,

    Petitioner-Defendant

Crim. No. **PJM 98-520**

## MEMORANDUM OPINION

Willis Mark Haynes has filed a pro se Motion to Vacate Judgment under 28 U.S.C. § 2255. ECF No. 604.[1] No hearing is necessary. *See, e.g., United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). For the reasons that follow, the Court **DENIES** the Motion to Vacate.

### I. Background

On September 1, 2000, following a jury trial, Haynes was convicted of three counts of first-degree murder in violation of 18 U.S.C. § 1111(a), three counts of kidnapping in violation of 18 U.S.C. § 1201(a), and three counts of use of a handgun during a crime of violence in violation of 18 U.S.C. § 924(c)(1). He received concurrent life terms on the first-degree murder and kidnapping counts and a forty-five-year consecutive sentence on the firearm counts. The Fourth Circuit affirmed the conviction and sentence, *United States v. Haynes*, 26 F. App'x 123 (4th Cir. 2001), and the Supreme Court denied certiorari. *United States v. Haynes*, 535 U.S. 979 (2001).

---

[1] The Government has never responded to the Motion to Vacate. On July 9, 2022, the Federal Public Defender's Office advised the Court that they would not be entering an appearance in this case. This is Haynes' second Motion to Vacate. His first Motion to Vacate was denied on July 26, 2006. The United States Court of Appeals for the Fourth Circuit granted Haynes authorization to file this second § 2255 motion on July 25, 2016.

On November 25, 2002, Haynes filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 446. On July 26, 2006, the Court denied the Motion because it failed to show constitutionally defective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), did not establish the Government's alleged use of perjured testimony in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), could not demonstrate lack of federal jurisdiction, and offered no new evidence to support a claim of actual innocence. ECF No. 512. The Fourth Circuit affirmed the Court's denial on October 19, 2007, ECF No. 536, and denied a rehearing en banc on December 17, 2007. ECF No. 537.

On April 13, 2015, Haynes filed a Motion to Dismiss for lack of federal jurisdiction. ECF No. 590. The Court issued a paperless order denying the Motion to Dismiss on August 24, 2015. ECF No. 592.

On July 26, 2016, the United States Court of Appeals for the Fourth Circuit granted Haynes authorization to file the current Motion to Vacate, his second § 2255 Motion, because he made a prima facie showing that the new rule of constitutional law in *Johnson v. United States*, 559 U.S. 133, 140 (2010), and held to apply retroactively to cases on collateral review in *Welch v. United States*, 398 U.S. 333 (2016), may apply to his case. On July 26, 2016, that same day, Haynes filed the current Motion to Vacate alleging three grounds: (1) intervening changes in the law, (2) the sentence is otherwise subject to a collateral attack, and (3) the Court was without jurisdiction to impose the sentence. The Court now rules on the pending Motion.

## II. Legal Standard

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence

was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (citing 28 U.S.C. § 2255). A petitioner bears the burden of proof and must establish his claim by a preponderance of the evidence. *United States v. Wilson*, No. CR TDC-95-0493-02, 2021 WL 5826376, at *2 (D. Md. Dec. 8, 2021) (citing *Miller v. United States*, 261 F.2d 546, 574 (4th Cir. 1958)). Generally, proceedings filed by pro se defendants are construed more liberally than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

## III.   Discussion

In his Motion, Haynes argues that his § 924(c) convictions must be vacated because they arguably rest on the invalid predicate offense of aiding and abetting. Specifically, he asks the Court to strike his convictions for use of a handgun during a crime of violence on the grounds that the convictions were all based on the predicate offense of aiding and abetting murder, 18 U.S.C. 1111, which he asserts is no longer considered a "crime of violence." ECF No. 604. The Court disagrees. Haynes was convicted on three counts of first-degree murder and three counts of kidnapping. The Court therefore need only analyze the validity of the 924(c) convictions as to the predicate offenses of murder and kidnapping and finds that the convictions remain valid.

At the time of Haynes' convictions, a "crime of violence" was defined as an offense that is a felony and either: (A) "has an element the use, attempted use, or threatened use of physical force against the person or property of another" (referred to as the "force" or "elements" clause); or (B) "that by its nature involves a substantial risk that physical force [ ] may be used" (referred to as the residual clause). 18 U.S.C. § 924(c)(3).

To determine whether the force clause applies to the predicate offense underlying a section 924(c) conviction, courts take a categorical approach based on the elements of "the law that applied

at the time of that conviction." *McNeill v. United States*, 563 U.S. 816, 820 (2011). The court then determines whether the offense has a statutory element that requires the use, attempted use, or threatened use of violent physical force—i.e., "a substantial degree of force" that is "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010); *see Descamps v. United States*, 570 U.S. 254, 260–61 (2013). Under this approach, without regard to the specific facts of the case, a predicate offense is not a crime of violence if the most innocent conduct proscribed by the predicate statute can be accomplished without the use of violence. *See United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012).

In 2019, between the filing of Haynes' Motion and the present, the Supreme Court struck down the "residual" clause of 924(c) as being unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319 (2019). Thus, a conviction under section 924(c) can only be sustained if the predicate offense qualifies as a crime of violence according to the definition in the force clause. Soon after, the Fourth Circuit confirmed that kidnapping could not be considered a "crime of violence" under the "force" clause of § 924(c). *United States v. Walker*, 934 F.3d 375, 379 (4th Cir. 2019). As a result, kidnapping became an invalid predicate. *Id.* However, at the time of the Petitioner's convictions and still today, first degree murder was and is considered a "crime of violence" under the force clause. *United States v. Jackson*, 32 F.4th 278, 287 (4th Cir. 2022).

Haynes asserts that the predicate offense underlying his conviction is aiding and abetting. This is incorrect. The predicate offenses underlying Haynes' section 924(c) convictions are the three counts of first-degree murder under 18 U.S.C. § 1111, still a valid predicate, and three counts of kidnapping under 18 U.S.C. § 1201(a), no longer a valid predicate. Haynes' trial records are not entirely clear as to whether he was convicted under § 924(c) based on murder, still a valid predicate, or kidnapping, which is now an invalid one. Thus, the Court understands

Haynes to argue that the Court is obligated to assume his convictions were based on the lesser, now invalid predicate offense of kidnapping. ECF No. 604.

However, since the filing of Petitioner's Motion, the Fourth Circuit has clarified that ambiguity as to the predicate offense alone is not enough to lead to vacation of a sentence. *See United States v. Crawley*, 2 F.4th 257 (4th Cir 2021); *United States v. Ali*, 991 F.3d 561 (4th Cir. 2021); *United States v. Said*, 26 F.4th 653 (2022). Instead, a petitioner must show "more than a reasonable possibility" that the jury found him guilty under § 924(c) based *only* on an invalid predicate. *Said*, 26 F.4th at 661–62. Haynes has not satisfied this standard.

Indeed, there is no evidence in the record that the jury based their § 924(c) convictions *only* on the kidnapping charge. To the contrary, the fact that the jury convicted Haynes of three counts of first-degree murder strongly suggests that it relied, at least partially, on that valid predicate for the § 924(c) conviction. *Said*, 26 F.4th at 659 (holding that "a § 924(c) conviction may stand even if the jury based its verdict on an invalid predicate, so long as the jury also relied on a valid predicate") (citing *United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016); *Crawley*, 2 F.4th at 263). That, in the Court's view, is enough to sustain his conviction. His § 924(c) convictions therefore remain valid.

Haynes next asserts that the Court's instructions improperly allowed the jury to convict him of aiding and abetting the use of a handgun during a crime of violence without showing that he facilitated or encouraged the use of the firearm. ECF No. 604. The Court is aware of no legal authority for suggesting that the Court's instructions were in any way flawed in this respect. Nor does Haynes offer any evidence – old or new – in support of the proposition.

Finally, Haynes asserts that the United States did not have jurisdiction over the location where the offenses occurred, an argument which the Court rejected in the denial of his first Motion

to Vacate, ECF No. 512, and his prior Motion to Dismiss. ECF No. 592. The current Motion presents no new arguments on this issue and merits no further comment.

In sum, Haynes' Motion to Vacate, ECF No. 604, is **DENIED**.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court is required to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has considered the record and finds that the Petitioner has not made the requisite showing.

### V. Conclusion

For the foregoing reasons, Willis Mark Haynes' Motion to Vacate, ECF No. 604, is **DENIED**.

A separate order will **ISSUE**.

Date: February 16, 2023

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE